THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Test Masters Educational Services, Inc., | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 4:13-CV01706 |
| State Farm Lloyds, | § § | |
| *Defendant.* | § § | |

### PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE WERLEIN:

Test Masters Educational Services, Inc. ("Test Masters") files this First Amended Complaint against State Farm Lloyds ("State Farm") and requests the Court to declare that State Farm owes a contractual duty to defend Test Masters in an underlying lawsuit; to find that Test Masters breached its insuring agreements by wrongfully disclaiming its duty to defend; to award Test Masters damages in the form of unreimbursed defense costs and expenses that it incurred defending itself in the underlying lawsuit; and to award Test Masters its attorneys' fees in bringing this action, prejudgment interest and 18% interest pursuant to Chapter 542 of the Texas Insurance Code.

#### PARTIES

1. Test Masters is a Texas corporation with its principal place of business at 13100 Southwest Freeway, Sugar Land, Texas.

2. State Farm's principal place of business is in Illinois, and, according to it, none of its individual members are citizens of Texas. State Farm removed this case from

the 215th Judicial District Court of Harris County, Texas to this Court and has thus made an appearance.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because the parties are diverse. This is an action in which the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. The Court also has jurisdiction to issue a declaratory judgment pursuant to 28 U.S.C. § 2201(a). Venue is proper in the Court pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events and omissions giving rise to the claim occurred in judicial district.

## FACTUAL ALLEGATIONS

4. Test Masters offers professional test preparation services for standardized exams, including the SAT, PSAT, GMAT, GRE, LSAT, PE, and EIT. Test Masters has earned an exceptional reputation for improving students' test scores through its written material and its live and on-line courses. To promote its services, Test Masters relies on several forms of advertising media, including its website "testmasters.com." The website explains Test Masters' background, services, and its proven track-record. It also includes a nation-wide interactive map that prospective students can use to locate courses.

5. State Farm issued a State Farm Business Liability Insurance Policy (Policy Number 90-J7-6207) ("Policy") to Test Masters. The Policy was in effect from February 22, 2001 through February 22, 2009. Test Masters diligently paid all premiums when due.

6.Under Section II of the Policy, State Farm agreed that it "will pay those sums that the insured becomes legally obligated to pay as damages because of…personal injury or advertising injury to which this insurance applies."[1]  State Farm defined "personal injury" and "advertising injury" as including "oral or written publication of material that…disparages a[n]…organization's goods, products or services."  State Farm also defined "advertising injury" as including "misappropriation of advertising ideas or style of doing business," and "infringement of copyright, title or slogan."  These definitions were included in the State Farm Policy that incepted in 2001, as well as the successive renewals that were in effect through February 2007.  Beginning on February 22, 2007, State Farm modified the definition of "advertising injury" in part.  The phrases "misappropriation of advertising ideas or style of doing business" and "infringement of copyright, title or slogan," were replaced with the phrases "the use of another's advertising idea in your advertisement" and "infringing upon another's copyright, trade dress or slogan in your advertisement."  State Farm agreed that it "will have the…duty to defend any claim or suit seeking damages payable under this policy even though the allegations of the suit may be groundless, false or fraudulent."

7.In August 2008, Robin Singh Educational Services, Inc. and Robin Singh (collectively "Singh"), a litigious California-based competitor, asserted claims against Test Masters in *Test Masters Educational Services, Inc. v. Robin Singh Educational*

---

[1]The Policy states that it applies to, among other things, "personal injury caused by an occurrence committed in the coverage territory during the policy period," and to "advertising injury caused by an occurrence committed in the coverage territory during the policy period."

3

*Services, Inc.,* Civil Action No. 4:11-cv-02035 (Consolidated with No. 4:08-cv-01771); United States District Court for the Southern District of Texas, Houston Division ("Underlying Lawsuit").[2] Singh, which also uses the "Test Masters" name, accused Test Masters of a variety of alleged misconduct, including copying Singh's website in connection with Test Masters' advertising of its LSAT services; harming Singh's reputation by conveying to the public false information, including that Singh no longer offered live LSAT services in various markets; and misrepresenting facts and engaging in other conduct that gave the appearance that its services were associated with Singh's services. According to Singh, Test Masters' conduct damaged Singh's reputation.[3]

8. In accordance with the notice provisions of the Policy, Test Masters tendered Singh's counterclaim in the Underlying Lawsuit to State Farm and requested a defense under the Policy. State Farm acknowledged that Singh's counterclaim "may allege facts sufficient to indicate trade dress infringement; (advertising injury)…" and that it would "pay those sums that the insured becomes legally obligated to pay as

---

[2] Dating back to 2001, Singh has filed numerous lawsuits against Test Masters, claiming, among other things, that Test Masters has inflicted injury through Test Masters' advertising on testmasters.com. Each time, Singh has been unsuccessful. *See Testmasters Educational Services, Inc. v. Robin Singh*, 2002 WL 1940083, (5th Cir. 2002); *Robin Singh v. Test Masters Educational Services*, 428 F.3d 559 (5th Cir. 2005); and *Robin Singh Educational Services v. Excel Test Prep.*, 274 Fed.App. 399 (5th Cir. 2008).

[3] Singh included the following eleven causes of action: Trademark Infringement Under Section 43(a) of the Lanham Act, 15 U.S.C. Sec. 1125(a)(1)(A); Federal Unfair Competition Comprising False and Misleading Statements of Fact Under Section 43(a) of the Lanham Act, 15 U.S.C. Sec. 1125 (a)(1)(B); Common Law Trademark Infringement Under California Law; Statutory Infringement of a Registered Mark Under California Law; Violation of California Business and Professional Code Sec. 17200; Common Law Trademark Infringement and Unfair Competition Under District of Columbia; Common Law Trademark Infringement and Unfair Competition Under New York Law; Violation of New York General Business Law Sec. 133; Common Law Trademark Infringement and Unfair Competition Under Florida Law; Violation of Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. Sec. 501.201 *et seq.*; and Right To Registration Under 15 USC 1119 and 28 U.S.C. 2201.

damages because of…personal injury or advertising injury…" The trial court stayed the Underlying Lawsuit in 2008 pending the outcome of proceedings before the Trademark Trial and Appeal Board ("TTAB") of the United States Patent & Trademark Office. State Farm assured Test Masters that "[i]f the stay is lifted, we agree to pay for the defense of the counterclaim only..."

9. While the case was stayed, Singh filed a motion for summary judgment with the TTAB, seeking dispositive rulings concerning its use of the "Testmasters" name. On March 31, 2011, the TTAB found that it would not register Test Masters' marks at this time. The TTAB did not find that Singh had greater rights to the "Test Masters" name than Test Masters. Test Masters appealed the TTAB's ruling to the United States District Court for the Southern District of Texas.

10. The trial court consolidated Test Masters' appeal of the TTAB's ruling with the Underlying Lawsuit (*i.e.,* cause number 4:08-cv-01771) and, on June 29, 2011, lifted the stay. Singh then filed an amended counterclaim against Test Masters in which it added a discussion of the TTAB proceedings. In its amended counterclaim, Singh again accused Test Masters of a variety of alleged misconduct, including copying its website in connection with Test Masters' advertising of its LSAT services; conveying false information to the public that Singh no longer offered live LSAT services in various markets; and misrepresenting facts and engaging in other conduct to give the appearance that Test Masters' services are associated with Singh's services.[4]

---

[4] The only material differences between the original counterclaim and the amended counterclaim are that the amended counterclaim includes a summary of the proceedings before the USPTO, additional

11. Test Masters tendered the amended counterclaim to State Farm. State Farm confirmed that it would defend Test Masters. Thereafter, State Farm provided a defense for approximately eight months. Then, on February 20, 2012, State Farm suddenly withdrew the defense.

12. Relying on documents extrinsic to Singh's amended counterclaim, including, in State Farm's words, Singh's "answer to the appeal by [Test Masters] of the TTAB Ruling," allegations "in prior litigation between the parties," and the TTAB's "opinion," State Farm offered a bizarre and legally invalid explanation for its sudden breach of contract. Ignoring Singh's actual factual allegations, State Farm reasoned that it no longer owes the coverage it previously agreed to extend because the TTAB "found that…[Singh] proved both prior first use of the 'Testmasters' mark outside Texas, and secondary meaning in that mark *i.e.,* prospective customers associate test review services marked under the name 'Testmasters' with [Singh], as opposed to [Test Masters]." State Farm's analysis not only misapplies the eight-corners rule, but it also misconstrues the TTAB ruling. The TTAB only determined that, for purposes of Test Masters' registrations of its marks, Test Masters' use of the mark was not exclusive. The TTAB did not determine that Singh established secondary meaning.

13. State Farm also claimed that it no longer must provide the coverage it previously agreed to extend because Singh's "new" counterclaim "does not allege 'advertising injury' as defined, and therefore does not trigger potential coverage under

---

description of Singh's alleged expanded market share since 2008 (advertising, revenue, etc.), and the addition of a claim for "Statutory Consumer Fraud Under New York Law." The amended counterclaim includes the same eleven causes of action that Singh asserted in its original counterclaim.

the policy issued by State Farm to [Test Masters]." State Farm failed to identify any "new" factual allegations in, or any omission of factual allegations from, the amended counterclaim that could affect its original determination that it owes Test Masters a defense. Nor did State Farm articulate any basis for (presumably) determining that the State Farm Policy's coverage for "personal injury," which includes injury arising out of "oral or written publication, in any manner, of material that disparages a[n] organizations goods, products, or services" does not trigger a defense.

### DECLARATORY JUDGMENT

14. Test Masters incorporates by reference paragraphs 4 through 13 of this amended complaint as though set forth fully herein. Pursuant to 28 U.S.C. § 2201(a), Test Masters requests this Court to declare that Singh's amended counterclaims triggers State Farm's duty to defend under the eight-corners rule because it includes allegations that Test Masters caused personal injury and advertising injury, as those terms are defined by the Policy; that none of the Policy's exclusions apply; and that State Farm's proffered explanation from withdrawing its defense is invalid. Additionally, Test Masters requests this Court to declare that the Policy provisions upon which State Farm relies in denying coverage are ambiguous, and, as such, it must be construed in favor of coverage.

### BREACH OF CONTRACT

15. Test Masters incorporates by reference paragraphs 4 through 14 of this amended complaint as though set forth fully herein. The Policy that State Farm issued to Test Masters was in effect from February 22, 2001 through at least February 22, 2009.

Test Masters diligently paid all premiums when due; it timely and appropriately performed, or tendered performance, under the contract; and it satisfied conditions precedent under the contract. Thus, a valid and enforceable contract existed between Test Masters and State Farm. State Farm, however, has not performed its contractual obligation to defend Test Masters in the Underlying Lawsuit. State Farm's erroneous denial of coverage constitutes a breach of contract that has damaged Test Masters. Test Masters therefore brings this suit against State Farm to recover all of its damages caused by State Farm's breach of contract, including all defense costs and expenses Test Masters incurred in connection with the Underlying Lawsuit. Additionally, Test Masters pleads that the Policy provisions upon which State Farm relies in denying coverage are ambiguous, and, as such, must be construed in favor of coverage.

## INTEREST AND ATTORNEYS' FEES

16.    Test Masters incorporates by reference paragraphs 4 through 15 of this amended complaint as though set forth fully herein. Test Masters is entitled to recover reasonable and necessary attorney's fees under Chapter 38 of the Texas Civil Practice and Remedies code because this is a suit on a written contract which is listed in §38.001(8). Test Masters is also entitled to 18% interest because State Farm has violated Chapter 542 of the Texas Insurance Code by, among other things, failing to timely pay a covered claim within the statutory deadlines. Additionally, Test Masters is entitled to pre and post-judgment interest.

**PRAYER**

Test Masters Educations Services, Inc. requests this Court to enter judgment against State Farm Lloyds and grant the following relief:

- Declare that the Policy obligates State Farm to defend and to continue to defend Test Masters in the Underlying Lawsuit;

- Declare that State Farm breached the Policy by disclaiming its duty to defend;

- Declare that the provisions upon which State Farm relief in disclaiming coverage do not apply and/or are ambiguous and must be construed against State Farm;

- Adjudicate that Sate Farm breached the Policy by wrongfully disclaiming its duty to defend;

- Award Test Masters its damages in the form of all unreimbursed defense costs and expenses that Test Masters paid or became obligated to pay in connection with defending the Underlying Lawsuit;

- Award Test Masters 18% interest pursuant to Chapter 542 of the Texas Insurance Code;

- Award Test Masters its reasonable and necessary attorneys' fees in bringing this lawsuit; and

- Award Test Masters pre and post-judgment interest.

Additionally, Test Masters respectfully requests this Court to award it any and all other relief to which it may be entitled, at law or in equity.

          Respectfully submitted

          CHAMBERLAIN, HRDLICKA, WHITE
          WILLIAMS & AUGHTRY

          By:  /S/ Steven J. Knight
             Steven J. Knight
             State Bar No. 24012975
             1200 Smith Street, Ste. 1400
             Houston, Texas 77002
             Telephone:  (713) 658-1818
             Facsimile:  (713) 658-2553
             Email:  steven.knight@chamberlainlaw.com

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was sent to State Farm Lloyd's counsel of record, Mr. Jack McKinley, on August 9, 2013 via electronic service, e-mail attachment, and certified mail, return receipt requested to the following address.

    Jack McKinley
    Ramey, Chandler, Quinn & Zito, P.C.
    One Bering Park
    750 Bering Drive, Ste. 600
    Houston, TX 77057

                          /S/ Steven J. Knight
                        Steven J. Knight

1345729_1